# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BAD VIBES FOREVER, LLC, | |
| Plaintiff, | Civil Action No.: 1:22-cv-01744 |
| v. | Judge Harry D. Leinenweber |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | Magistrate Judge Jeffrey T. Gilbert |
| Defendants. | |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST THE DEFENDANTS IDENTIFIED IN SCHEDULE A

Plaintiff, BAD VIBES FOREVER, LLC, ("BAD VIBES" or "Plaintiff"), submits the following memorandum in support of its Motion for Entry of Default and Default Judgment under Fed. R. Civ. P. 55 against the defendants identified in the Schedule A (collectively, the "Defaulting Defendants") based on Plaintiff's action for trademark infringement and counterfeiting and false designation of origin.

BAD VIBES FOREVER, LLC, acts as the Sales, Marketing, Design and Distribution arm for, and is an official source of authentic XXXTENTACION products worldwide. BAD VIBES is a limited liability company organized and existing under the laws of Florida. [1] at ¶¶ 13-17. Plaintiff's XXXTENTACION Trademarks are and have been the subject of continuous marketing and promotion by Plaintiff. *See id.* Plaintiff has and continues to market and promote its XXXTENTACION Trademarks to consumers. The U.S. registrations for the XXTENTACION Trademarks have been continuously used and never abandoned. *Id.* at ¶ 16.

On information and belief, the Defendants create numerous Defendant Internet Stores and design them to appear to be selling genuine Plaintiff products, while selling inferior imitations of

Plaintiff's products. The Defendant Internet Stores share unique identifiers, such as design elements and similarities of the counterfeit products offered for sale, establishing a logical relationship between them and suggesting that Defendants' illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences. *Id*. at ¶ 7. Defaulting Defendants conduct business throughout the United States, including within the State of Illinois and this judicial district, through the operation of the fully interactive online marketplaces operating under the Defendant online marketplace accounts (collectively, the "Defendant Internet Stores") identified in Schedule A. *Id*. at ¶¶ 2-3, 18. Each Defaulting Defendant targets the United States, including Illinois, and has offered to sell, and on information and belief, has sold and continues to sell Counterfeit XXXTENTACION Products to consumers within the United States, including the State of Illinois. *Id*. Additional factual assertions applicable to Defaulting Defendants are found in Paragraphs 18-30 of the Complaint are incorporated herein. *Id*. at ¶¶ 18-30.

BAD VIBES filed this action on April 5, 2022, alleging, among other claims, federal trademark infringement and seeks statutory damages and injunctive relief. [1]. On April 12, 2022, this Court granted BAD VIBES' *Ex Parte* Motion for Entry of a Temporary Restraining Order (the "TRO") and subsequently converted the TRO into a Preliminary Injunction on April 26, 2022.

Paragraph 8 of the TRO permitted BAD VIBES to complete service of process to Defendants by electronically publishing a link to the Complaint, this Order and other relevant documents on a website or by sending an e-mail to the e-mail addresses identified in Exhibit 2 to the Declaration of Robert A. Celestin, Esq. and any e-mail addresses provided for Defendants by third parties that includes a link to said website. The Defendants identified in the Schedule A that are associated with a ContextLogic, Inc. ("WISH") account were properly served on April 18,

2022. [23]. None of the Defaulting Defendants have entered an appearance or otherwise defended this action. *See* Declaration of Keith A. Vogt (the "Vogt Declaration") at ¶ 2.

Pursuant to Federal Rule of Civil Procedure 55(a) and (b)(2), BAD VIBES now moves this Court for an Order entering default and default judgment finding that Defaulting Defendants are liable on Counts I and II of BAD VIBES' Complaint. Fed. R. Civ. P. 55(a) and (b)(2). BAD VIBES further seeks an award of statutory damages as authorized by 15 U.S.C. § 1117(c)(2) for willful trademark counterfeiting against each of the Defaulting Defendants for use of infringing and counterfeit XXXTENTACION Trademarks in connection with products sold through each of the Defendant Internet Stores. BAD VIBES also seeks entry of a permanent injunction prohibiting Defaulting Defendants from selling Counterfeit/Infringing Products, and that all assets in Defaulting Defendants' financial accounts operated by WISH, as well as any newly discovered assets, be transferred to BAD VIBES.

## ARGUMENT

### I. JURISDICTION AND VENUE ARE PROPER IN THIS COURT

This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051 et seq., 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in Illinois and causes harm to Plaintiff's business within this judicial district. *See uBID, Inc. v. GoDaddy Grp., Inc*. 623 F.3d 421, 423-24 (7th Cir. 2010) (without benefit of an evidentiary hearing, plaintiff bears only the burden of making a prima facie case for personal jurisdiction; all of plaintiff's asserted facts should be accepted as true and any factual determinations should be resolved in its favor).

Through at least the online marketplace accounts operating under the Defendant Internet Stores, each of the Defaulting Defendants has targeted sales from Illinois residents by operating websites and/or online marketplace accounts that offer shipping to the United States, including Illinois and, on information and belief, has sold Counterfeit/Infringing Products to residents within the United States, including Illinois. [1] at ¶¶ 2, 18-19. Many of the websites look sophisticated and accept payment in U.S. Dollars *Id.* at ¶ 2. As such, personal jurisdiction is proper since each of the Defaulting Defendants is committing tortious acts in Illinois, is engaging in interstate commerce and has wrongfully caused Plaintiff substantial injury in the State of Illinois. *See, e.g., Bad Vibes Forever, LLC. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, No. 22-cv-00785 (N.D. Ill. May 3, 2022) and *Pink Floyd (1987) Limited v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, No. 21-cv-03039 (N.D. Ill. Aug. 3, 2022).

## II. BAD VIBES HAS MET THE REQUIREMENTS FOR ENTRY OF DEFAULT

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). On April 5, 2022, BAD VIBES filed its Complaint alleging, among other claims, federal trademark infringement and counterfeiting, 15 U.S.C. § 1114 (Count I) and false designation of origin, 15 U.S.C. § 1125(a) (Count II). The Defendants were properly served on April 18, 2022. [23]. Despite having been served with process, the Defaulting Defendants have ignored these proceedings and failed to plead or otherwise defend this action. Vogt Declaration at ¶ 2. Upon information and belief, the Defaulting Defendants are not active-duty members of the U.S. armed

forces. *Id.* at ¶ 3. Accordingly, BAD VIBES asks for entry of default against the Defaulting Defendants.

**III. BAD VIBES HAS MET THE REQUIREMENTS FOR ENTRY OF DEFAULT JUDGMENT**

Rule 55(b)(2) of the Federal Rules of Civil Procedure provides for a court-ordered default judgment. A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action alleged in the complaint. *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989). When the Court determines that a defendant is in default, the factual allegations of the complaint are taken as true and may not be challenged, and the defendants are liable as a matter of law as to each cause of action alleged in the complaint. *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994).

At least twenty-one (21) days have passed since Defendants were served, and no answer or other responsive pleading has been filed by any of the Defaulting Defendants identified in the Schedule A. *See* Fed. R. Civ. P. 12(a)(1)(A). Accordingly, default judgment is appropriate, and consistent with previous similar cases in front of this Court, BAD VIBES requests an award of statutory damages as authorized by 15 U.S.C. § 1117(c)(2) for willful trademark infringement and counterfeiting against each of the Defaulting Defendants for use of infringing and counterfeit imitations of BAD VIBES' XXXTENTACION Trademarks in connection with products sold through the Defendant Internet Stores. BAD VIBES also seeks entry of a permanent injunction prohibiting Defaulting Defendants from selling Counterfeit/Infringing Products, and that all assets in Defaulting Defendants' financial accounts operated by WISH and any newly identified accounts be transerred to BAD VIBES.

### A. Trademark Infringement and Counterfeiting

To properly plead a claim of trademark infringement and counterfeiting pursuant to the Lanham Act, a plaintiff must allege that (1) its mark is distinctive enough to be worthy of protection, (2) defendants are not authorized to use the mark; and (3) defendant's use of the mark causes a likelihood of confusion as to the origin or sponsorship of defendant's products. *See Neopost Industrie B.V. v. PFE Int'l Inc.,* 403 F. Supp. 2d 669, 684 (N.D. Ill. 2005) (citing *Bliss Salon Day Spa v. Bliss World LLC,* 268 F.3d 494, 496-97 (7th Cir. 2001)).

BAD VIBES alleged in its Complaint that its XXXTENTACION Trademarks are distinctive, that Defaulting Defendants have knowledge of BAD VIBES' rights in the XXXTENTACION Trademarks, that Defaulting Defendants are not authorized to use the XXXTENTACION Trademarks, and that Defaulting Defendants' use of the XXXTENTACION Trademarks causes a likelihood of confusion. [1] at ¶¶ 32-38. Since the Defaulting Defendants have failed to respond or otherwise plead in this matter, the Court must accept the allegations contained in BAD VIBES' Complaint as true. *See* Fed. R. Civ. P. 8(b)(6); *Am. Taxi Dispatch, Inc., v. Am. Metro Taxi & Limo Co.,* 582 F. Supp. 2d 999, 1004 (N.D. Ill. 2008). Accordingly, BAD VIBES requests entry of judgment with respect to Count I for willful infringement and counterfeiting of the XXXTENTACION Trademarks against the Defaulting Defendants.

### B. False Designation of Origin

A plaintiff bringing a false designation of origin claim under 15 U.S.C. § 1125(a) must show that: (1) the plaintiff has a protectable trademark; and (2) a likelihood of confusion will exist as to the origin of plaintiff's products. *All Star Championship Racing, Inc. v. O'Reilly Auto. Stores, Inc.,* 2013 WL 1701871, *10 (C.D. Ill. Apr. 18, 2013) (*citing Johnny Blastoff, Inc. v. Los Angeles Rams Football Co.,* 188 F. 3d 427, 436 (7th Cir. 1999)). This is the same test that is used

for bringing a trademark infringement claim under the Lanham Act. *See Neopost,* 403 F. Supp. 2d at 684.

BAD VIBES alleged in its Complaint that Defaulting Defendants are using the federally registered XXXTENTACION Trademarks without authorization on the Counterfeit/Infringing Products. This creates a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with BAD VIBES or the origin, sponsorship, or approval of Defaulting Defendants' Counterfeit/Infringing Products by BAD VIBES. [1] at ¶¶ 39-43. Furthermore, by using the XXXTENTACION Trademarks on the Counterfeit/Infringing Products, Defaulting Defendants create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Counterfeit Counterfeit/Infringing Products. *Id*. As a result, BAD VIBES requests entry of judgment with respect to Count II for willful false designation of origin against the Defaulting Defendants.

## IV. BAD VIBES IS ENTITLED TO MONETARY DAMAGES AND INJUNCTIVE RELIEF

The awarding of statutory damages serves dual interests in that it is remedial in nature, but also intended to protect an important public interest. Given the broader economic losses and harm to the job market caused by counterfeiting, coupled with the possible harm to consumers who are tricked into purchasing low quality, counterfeit products over the Internet, it is important to both penalize defendants and try to deter future violations.

### A. Statutory Damages Are Appropriate in this Case

Pursuant to the statutory damages provision of the Lanham Act, 15 U.S.C. § 1117(c), a plaintiff in a case involving the use of a counterfeit mark may elect to receive "not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." 15 U.S.C. § 1117(c)(1). When the counterfeiting is

found to be willful, 15 U.S.C. § 1117(c)(2) provides for statutory damages of up to "$2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." 15 U.S.C. § 1117(c)(2).

Although 15 U.S.C. § 1117(c) contains the dollar range for possible statutory damage awards, the only guidance provided by the statute for how to determine a damage award within the statutory dollar range is "as the court considers just." 15 U.S.C. § 1117(c). Courts interpreting 15 U.S.C. § 1117(c) have analogized case law applying the statutory damage provision of the Copyright Act contained in 17 U.S.C. § 504(c). *See Lorillard Tobacco Co.*, 2004 U.S. Dist. LEXIS 22563, *10; *Sara Lee v. Bags of New York, Inc.*, 36 F. Supp. 2d 161, 166 (S.D.N.Y. 1999). In *Sara Lee*, 36 F. Supp. 2d at 170, the court awarded statutory damages in the amount of $750,000 after estimating the defendants' ill-gotten gains and trebling them to "deter and punish a willful continuous course of infringements and defiance of the judicial process." The *Sara Lee* analysis included seven factors: (1) the profits made by the defendants; (2) the revenues lost by plaintiff; (3) the value of the mark; (4) the deterrent effect on others; (5) whether the conduct was innocent or wilful; (6) whether a defendant has cooperated in providing records; and (7) the deterrent effect on the defendant.

The USPTO's Office of Policy and International Affairs and the National Telecommunications and Information Administration ("NTIA") together working as part of the Department of Commerce's Internet Policy Task Force conducted a review of the relationship between the availability and protection of online copyrighted works and innovation in the Internet economy. The Internet Policy Task Force's White Paper on Remixes, First Sale, and Statutory Damages (White Paper) was published on January of 2016, (See, Exhibit 1), which recognizes in copyright law that reduced damages may be warranted to avoid impeding new creative works,

8

e.g., remixes -- works created through changing and combining existing works to produce something new and creative -- as part of a trend of user generated content. *Id*. at 98. However, in cases of willful infringement, such as before this Court, the same report finds that high statutory damages are warranted since "[t]hese circumstances present the clearest need for deterrence and punishment. *Id*. at 99. Moreover, regarding straight-out counterfeiting where impeding creativity is not a concern, The Office of the U. S. Trade Representative issued findings of the Special 301 Out-of-Cycle Review of Notorious Markets for 2015, December 2015 (*See*, Exhibit 2), highlighted disturbing trends in the marketing and distribution of counterfeit goods online, with escalating levels of counterfeit sales online including an increase in the services that support such operations.

Accordingly, a significant consideration should be whether infringing sales were made over the internet, with the rationale was that sales over the Internet increased the amount of an award because use of the Internet made the infringement widely available.

The lack of information regarding Defaulting Defendants' sales and profits makes statutory damages particularly appropriate for default cases like the instant case. *See Petmed Express, Inc. v. medpets.com, Inc.,* 336 F. Supp. 2d 1213, 1220 (S.D. Fla. 2004). Likewise, Courts have recognized that statutory damages should be awarded without requiring an evidentiary hearing. *See Lorillard Tobacco Co. v. Montrose Wholesale Candies & Sundries, Inc.*, 2008 U.S. Dist. LEXIS 31761, *11 (N.D. Ill. Apr. 17, 2008).

**B.     Defendants' Counterfeiting Was Willful**

As alleged in BAD VIBES' Complaint, Defaulting Defendants facilitate sales by designing the Defendant Internet Stores so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers selling genuine XXXTENTACION Products. [1] at ¶ 22.

Defendants also deceive unknowing consumers by using the XXXTENTACION Trademarks without authorization within the content, text, and/or meta tags of their websites to attract various search engines crawling the internet looking for websites relevant to consumer searches for XXXTENTACION Products. *Id.* at ¶ 27.

It is clear that Defaulting Defendants' counterfeiting was willful."Willful infringement may be attributed to the defendant's actions where he had knowledge that his conduct constituted infringement or where he showed a reckless disregard for the owner's rights." *Lorillard Tobacco Co. v. S & M Cent. Serv. Corp.,* 2004 LEXIS 22563, *19-20 (N.D. Ill. Feb. 25, 2005). As such, knowledge need not be proven directly, but can be inferred from a defendant's conduct. *Id.* at 20. In the instant case, Defaulting Defendants clearly had knowledge that their activities constituted infringement or at least a reckless disregard for BAD VIBES' rights in the XXXTENTACION Trademarks, especially given BAD VIBES' extensive promotional efforts discussed above.

Finally, this Court has deemed counterfeiting willful when defendants default. Products. *See, e.g., Bad Vibes Forever, LLC. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, No. 22-cv-00785 (N.D. Ill. May 3, 2022) and *Pink Floyd (1987) Limited v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, No. 21-cv-03039 (N.D. Ill. Aug. 3, 2022).

    C.    **A High Statutory Damages Award Is Appropriate and Just**

The Seventh Circuit's standard for awarding statutory damages for copyright infringement under 17 U.S.C § 504(c) is articulated in *Chi-Boy Music v. Charlie Club*, 930 F.2d 1224, 1229 (7th Cir. 1991). Under the *Chi-Boy* standard, a court awarding statutory damages is "not required to follow any rigid formula," but instead "enjoys wide discretion." *Id*. In computing

the award amount, a court may consider factors such as "the difficulty or impossibility of proving actual damages, the circumstances of the infringement, and the efficacy of the damages as a deterrent." *Id*. Courts in this district have also considered the significant value of a plaintiff's brand and the efforts taken to protect, promote and enhance that brand in determining the appropriate dollar figure for the award. *Lorillard Tobacco Co.,* 2004 U.S. Dist. LEXIS 22563, *16.

In addition, courts have awarded high damage amounts where a defendant's counterfeiting activities attracted wide market exposure through Internet traffic or advertisement. *See Coach, Inc. v. Ocean Point Gifts*, 2010 U.S. Dist. LEXIS 59003, *15-16 (D.N.J. Jun. 14, 2010) (high damage awards in counterfeit cases were "due in part to the wide market exposure that the Internet can provide"); *Burberry Ltd. v. Designers Imports, Inc.*, 2010 U.S. Dist. LEXIS 3605, *28-29 (S.D.N.Y. Jan. 19, 2010) (damages amount based, in part, on "Defendant's ability to reach a vast customer base through internet advertising").

In similar cases involving willful internet-based counterfeiting, this Court has awarded significant damages to the plaintiff to serve the purposes of: (1) deterring the defendant and others situated like him from bringing into commerce counterfeit goods, (2) compensating the plaintiff for damages caused by defendant's infringement, and (3) punishing the defendant appropriately for his counterfeiting activities. Products. *See, e.g., Bad Vibes Forever, LLC. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, No. 22-cv-00785 (N.D. Ill. May 3, 2022) and *Pink Floyd (1987) Limited v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, No. 21-cv-03039 (N.D. Ill. Aug. 3, 2022).

Given the Court's clear discretion in determining the appropriate amount of the statutory damages award within the statutory limits of 15 U.S.C. § 1117(c), BAD VIBES respectfully

11

requests the Court's entry of an award of five hundred thousand dollars ($500,000) per Defaulting Defendant as it has done in the past under similar circumstances.

### D. BAD VIBES is Entitled to Permanent Injunctive Relief

In addition to the foregoing relief, BAD VIBES respectfully requests entry of a permanent injunction enjoining Defaulting Defendants from infringing or otherwise violating BAD VIBES's registered trademark rights in the XXXTENTACION Trademarks, including at least all injunctive relief previously awarded by this Court to BAD VIBES in the TRO and Preliminary Injunction. BAD VIBES is also entitled to injunctive relief so it can quickly take action against any new websites and online marketplace accounts that are identified, found to be linked to Defaulting Defendants, and selling Counterfeit BAD VIBES Products. *See, e.g., Bad Vibes Forever, LLC. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, No. 22-cv-00785 (N.D. Ill. May 3, 2022) and *Pink Floyd (1987) Limited v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, No. 21-cv-03039 (N.D. Ill. Aug. 3, 2022).

### V. CONCLUSION

BAD VIBES respectfully requests that the Court enter default and default judgment against each Defaulting Defendant, award statutory damages in the amount of five hundred thousand dollars ($500,000) per Defaulting Defendant pursuant to 15 U.S.C. § 1117(c) and enter a permanent injunction order prohibiting Defaulting Defendants from selling Counterfeit/Infringing Products, and transferring all assets in Defaulting Defendants' financial accounts operated by WISH to BAD VIBES.

DATED: May 10, 2022                               Respectfully submitted,

                                                  <u>*/s/ Keith A. Vogt*</u>
                                                  Keith A. Vogt, Esq. (Bar No. 6207971)
                                                  Keith Vogt, Ltd.
                                                  33 West Jackson Boulevard, #2W
                                                  Chicago, Illinois 60604
                                                  Telephone: 312-971-6752
                                                  E-mail:  <u>keith@vogtip.com</u>

                                                  ***ATTORNEY FOR PLAINTIFF***

# CERTIFICATE OF SERVICE

      I hereby certify that on May 10, 2022, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, I will electronically publish the documents on a website, and I will send an e-mail to the e-mail addresses identified in Exhibit 2 to the Declaration of Robert A. Celestin, Esq. and any e-mail addresses provided for Defendants by third parties that includes a link to said website.

                                              /s/ *Keith A. Vogt*
                                              Keith A. Vogt